### Ex parte UNG KING IENG.

(District Court, N. D. California, First Division. April 1, 1914.)

#### No. 15,496.

ALIENS (§ 32*)—DEPORTATION—FAIR HEARING—WITNESSES—CROSS-EXAMINATION.

Where, after counsel had been retained for an alien in deportation proceedings, he was notified that on a specified day certain witnesses would be examined before the inspector, and counsel attended, but was denied the right to put any questions to such witnesses on cross-examination, to meet the evidence presented by the government, the alien was not accorded a fair hearing before the immigration officers.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec Dig. § 32.*]

Petition for writ of habeas corpus for discharge of one Ung King Ieng, a Chinese alien, sometimes referred to as Lin How. On demurrer to petition. Overruled, and writ allowed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George A. McGowan, of San Francisco, Cal., for petitioner.

John W. Preston, U. S. Atty., and Walter E. Hettman, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge. The petition for a writ of habeas corpus herein shows: That petitioner, an alien Chinese woman, was admitted into this country in November, 1909, as the wife of a native-born citizen of the United States, and has resided here ever since said date. That in April, 1913, she was arrested, charged with being a prostitute, and with having been found practicing prostitution subsequent to her entry into the United States. That after the usual preliminary hearing she was advised of her right to counsel, and that after she had been so advised, counsel did appear for her, and on June 9, 1913, the said counsel received from the Commissioner of Immigration the following notice:

"Sir: In re the case of Lin How, alias Ung King Ying, you are advised that Inspector Chadney will be at the office of the district attorney, San Jose, Cal., on Wednesday, the 11th instant, at 11:00 a. m., for the purpose of taking the statements of witnesses that will appear in the said case at that time."

That pursuant to said notice the said counsel for petitioner proceeded to San Jose on the day named, and that at the time and place mentioned therein J. B. Peckham, John Charles Hines, Frank H. Ross, and Roy Starbird were each duly sworn by Inspector Chadney, and examined by him by question and answer at some length; each giving material testimony bearing upon the reputation of the house in which petitioner had been found and arrested. At the close of the examination of each of said witnesses by the inspector, counsel for petitioner, who was present in response to the notice above set forth, requested that he be permitted to ask some questions by way of cross-examination of each of them, which request was, by the said inspector, denied. To this denial counsel each time entered a formal protest. This denial is now claimed by petitioner to have deprived her of the fair and impartial hearing to which she was entitled. A number of other matters set out in the petition are also relied upon by petitioner as having deprived her of a fair hearing, but to my mind they are of minor importance. To this petition a demurrer has been interposed, thus presenting fairly for determination the following question:

"Has an alien been accorded a fair hearing, within the meaning of the adjudicated cases, who has been prevented by the immigration officers from putting any questions whatever to witnesses actually present and testifying against her, at a hearing held after such alien had been accorded the right of counsel, and when such counsel was in attendance claiming the right to put such questions in order to meet the evidence presented by the government?"

In the case of Low Wah Suey v. Backus, 225 U. S. 460, 32 Sup. Ct. 734, 56 L. Ed. 1165, the Supreme Court says:

"The statute does not give authority to issue process to compel the attendance of witnesses. It does not appear * * * that any witnesses offered on behalf of the petitioner were not heard, or that anything was done to prevent the production of such witnesses"

—and for these reasons held that the claim of unfairness in that case, based upon the failure of the immigration officers to take steps to procure the attendance of witnesses on behalf of petitioner, was unfounded. But that is a very different state of affairs from that disclosed here. There is no question here of the power of the immigration officers to compel the attendance of witnesses, for the witnesses were actually in attendance. There is no question here of presenting the case on ex parte affidavits, because that was not done. At a formal hearing, of which petitioner's counsel had been given notice, and which he attended in the interests of his client, four witnesses were present, not for the purpose of signing affidavits, but for the purpose of testifying orally by question and answer. They so testified, and their testimony was taken down by a stenographer.

The petitioner had no power to produce these witnesses, and if she desired to prove anything by them, or if she desired to test their knowledge of the facts to which they had testified against her, it seems to me that ordinary fairness required that she be permitted to do so. It was suggested at the argument of this question before the court that it would be a "nuisance" to permit cross-examination. Perhaps it would, but to the petitioner the whole proceeding was probably a nuisance. The rights of the petitioner may not be wholly measured by the convenience or inconvenience to the immigration officers in affording her a fair hearing. Their efforts should be directed to the ascertainment of the truth. They have vast powers accorded them by the law, and these powers should be fairly exercised. It is not necessary, of course, that prolonged cross-examinations be permitted. Much must be left to the discretion of the officer. But I am firmly of the opinion that, when the officer in this case refused to permit the petitioner's counsel to ask a single question of witnesses in attendance and testifying to important matters against her, she did not receive that fair treatment which the law contemplates and to which she was entitled.

The demurrer will be overruled, and the writ issued.